IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUZANNE M. MCSHANE** | ) |
| **Executrix of the ESTATE OF JOHN CHEROKE,** | ) |
| **Deceased,** | ) |
|        **Plaintiff** | ) 2:09-cv-1003 |
| | ) |
|    **v.** | ) |
| | ) |
| **MERCHANTS INSURANCE COMPANY,** | ) |
|        **Defendant.** | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant Merchants Insurance Company ("Merchants") F.R.C.P. 12(b)(6) MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT, COUNT 1 OF COMPLAINT, AND/OR F.R.C.P. 12(f) MOTION TO STRIKE CLAIMS/ALLEGATIONS RELATING TO COMPENSATORY AND/OR CONSEQUENTIAL DAMAGES (Document No. 5).  Defendant filed a brief in support of the motion, Plaintiff Suzanne M. McShane ("McShane") filed a response, and the motion is ripe for disposition.

Factual Background

This diversity case arises out of Plaintiff's efforts to enforce insurance coverage for water damage that occurred in the home of her deceased father, John Cheroke, after his death.  The factual recitation is taken from the allegations in the complaint.

Cheroke purchased a homeowner's insurance policy from Merchants which was in effect from July 18, 2007 to July 18, 2008.  Mr. Cheroke died in September 2007 and McShane was named the executor of his estate.  McShane and her brother (the family) live out-of-state.  After the burial, the family set the thermostat in the home to 60 degrees, made arrangements for grass

cutting, snow removal and forwarding of mail, maintained heat, water and electrical service and provided a house key to a personal friend to make periodic inspections.

In April 2008, upon an inspection visit the friend discovered extensive water damage inside the home. She also found a notice from the water company dated February 19, 2008, which indicated that water service had been turned off at the street due to excessive usage. On April 8, 2008, McShane contacted Merchants to report the loss. On April 14, 2008, Merchants provided a "non-waiver" letter to McShane's brother and inspected the property. On May 6, 2008, McShane received a complete copy of the Merchants homeowners insurance policy.

On May 27, 2008, McShane gave a recorded statement to Merchants. In June 2008, Merchants sent a letter stating that the claim was still under investigation. In July 2008, McShane received a letter seeking information about the claim and stating that Merchants had engaged a lawyer. During the remainder of 2008, Merchants continued to seek information, without rendering a decision regarding coverage. During the first quarter of 2009, McShane continued to request a coverage decision, without success. On February 9, 2009, Merchants requested permission for SEA, Ltd. to perform an inspection of the home which was granted and occurred on February 27, 2009. Merchants received the results of the SEA report on March 31, 2009.

On April 13, 2009, Merchants sent a letter in which it denied coverage for the loss. Merchants stated that the "date of loss" was "on or before February 16, 2008 (as reported date)." In esssence, Merchants explained that the results of the investigation showed that in its opinion reasonable steps had not been taken to maintain heat in the home or to shut off the water supply. The letter also recited the "limitation of action" provision in the policy, which states:

> **8. Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

This letter was the first notice to McShane that Merchants was denying the claim. On August 3, 2009, Plaintiff filed a Complaint which asserted claims for breach of contract and bad faith.

Standard of Review

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and " 'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint. The court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

3

Recently, the United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters beyond the realm of antitrust law. When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

However, nothing in *Twombly* or *Iqbal* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss. The United States Supreme Court did not impose a new heightened pleading requirement, but reaffirmed that Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*citing Twombly*, 550 U.S. at 555). Moreover, the United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 555-56, 563 n.8.).

Legal Analysis

Merchants argues that this case is untimely because it was filed more than one year after the date of loss. "Limitation of action" clauses in insurance policies are valid and enforceable under Pennsylvania law. *Prime Medica Associates v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156 (Pa. Super. 2009). However, such "limitation of action" clauses may be overcome by

4

allegations of waiver and/or estoppel.  *Id.*  "Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary."  *Id.* at 1157.  "Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity."  *Id.* (citations omitted).  The insured must establish a factual basis to assert the defense of waiver or estoppel.  *Id.*

Merchants recognizes the existence of the waiver and/or estoppel defenses, but argues that Plaintiff has failed to allege sufficient supporting facts in the complaint.  The Court cannot agree.  The allegations in the complaint do suffice to establish a valid defense.  Indeed, Plaintiff has alleged specific actions taken by Merchants which may have led a policyholder to reasonably believe that the insurer was not going to invoke the "limitation on action" provision.

This is not a case in which an insurer promptly denied coverage and the insured then failed to act.  To the contrary, Merchants did not make any coverage decision (pro or con) within the one-year period, despite numerous requests from Plaintiff.  Under Defendant's theory, policyholders would be required to file protective lawsuits with obvious ripeness concerns, and which could be rendered moot at the insurer's convenience by the issuance of a positive coverage decision.

Moreover, the complaint alleges that Merchants engaged in affirmative actions upon which Plaintiff reasonably relied.  Merchants did not merely delay its decision in this case, but

5

also engaged a contractor, SEA Ltd., to evaluate the claim in February 2009. The SEA Ltd. investigation, taking the allegations in the complaint as true, is entirely inconsistent with an intent to invoke the "limitation on action" provision. Merchants requested that Plaintiff permit an inspection just eight days prior to the expiration of the limitations period, the inspection actually took place eleven days <u>after</u> the expiration of the period, and the SEA Ltd. report was not sent to Merchants until some six weeks later. Under these alleged facts, it was entirely reasonable for Plaintiff to wait until completion of the report before deciding whether or not to file suit. In sum, the complaint alleges a sufficient factual basis to conclude that Merchants lulled Plaintiff into believing that the limitation on action clause would not be enforced.

Because the Court concludes that Plaintiff has adequately stated a claim for breach of contract in Count I, it is unnecessary to address Defendant's argument that compensatory and/or consequential damages cannot be recovered under a bad faith claim. As Defendant recognizes, this argument is now moot.

In accordance with the foregoing, Defendant's F.R.C.P. 12(b)(6) MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT, COUNT 1 OF COMPLAINT, AND/OR F.R.C.P. 12(f) MOTION TO STRIKE CLAIMS/ALLEGATIONS RELATING TO COMPENSATORY AND/OR CONSEQUENTIAL DAMAGES (Document No. 5) is **DENIED**.

Defendant shall file an answer to the complaint on or before November 30, 2009.

SO ORDERED this 16th day of November, 2009.

                                                BY THE COURT:

                                                s/ Terrence F. McVerry
                                                United States District Court Judge

cc:   Gary M. Davis, Esquire
      Email: gmdavislaw@gmail.com

      Eric A. Fitzgerald, Esquire
      Email: eafitzgerald@mdwcg.com